Don Springmeyer, NSB No. 1021
Bradley Schrager, NSB No. 10217
**Wolf, Rifkin, Shapiro,**
**Schulman & Rabkin, LLP**
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120-2234
Tel: (702) 341-5200
Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com

Patrick Madden (*admitted pro hac vice*)
**Berger & Montague, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
pmadden@bm.net

Frank B. Ulmer (*admitted pro hac vice*)
**McCulley McCluer PLLC**
1022 Carolina Blvd., Ste. 300
Charleston, SC 29451
Tel: (855) 467-0451
Fax: (662) 368-1506
fulmer@mcculleymccluer.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ABIGAIL ROBINSON, an individual; on behalf of herself and all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>WESTGATE RESORTS, INC., a Florida corporation; NAV-LVH, LLC, a Nevada limited liability company dba Westgate Las Vegas Resort & Casino,<br><br>　　Defendants. | Case No.: 2:18-cv-0095-JAD-CWH<br><br>**ORDER TEMPORARILY STAYING CASE ON STIPULATION**<br><br>ECF No. 11 |

On January 17, 2018, Abigail Robinson ("Plaintiff"), on behalf of herself and the proposed Class, filed the instant case against Westgate Resorts, Inc., and NAV-LVH, LLC, dba Westgate Las Vegas Resort & Casino (collectively "Westgate"). Plaintiff and Westgate, by and through their respective counsel of record, stipulate to (1) stay this case pending a ruling on

1

subject matter jurisdiction in *Cabral et al. v. Caesars Entertainment Corporation et al.*, Case No. 2:17-cv-02841-APG-VCF (the "Caesars Case"), another similar case filed by the same Plaintiff's counsel, and (2) extend the current deadlines for Westgate to respond to Plaintiff's Complaint (ECF No. 1) until after the Court makes a determination of subject matter jurisdiction in the Caesars Case.

**I.     Background**

On January 17, 2018, Plaintiff filed the instant case against Westgate, alleging that Westgate improperly applied Clark County, Nevada's Combined Transient Lodging Tax to charges for internet access. Relatedly, counsel for Plaintiff has filed at least fourteen additional lawsuits (the "Related Lawsuits" and, together with the instant action, the "Resort Fee Lawsuits") in this District Court that assert similar claims and requests for relief against other resort defendants:

- *Cabral et al. v. Caesars Entertainment Corporation et al.*, Case No. 2:17-cv-02841-APG-VCF (filed on November 10, 2017);

- *Phelps et al. v. MGM Resorts International et al.*, Case No. 2:17-cv-02848-APG-CWH (filed on November 13, 2017);

- *Martinez et al. v. Las Vegas Sands Corp. et al.*, Case No. 2:17-cv-02859-APG-NJK (filed on November 14, 2017);

- *Schnitzer et al. v. Wynn Resorts, Ltd. et al.*, Case No. 2:17-cv-02868-RFB-GWF (filed on November 15, 2017);

- *Bowes, et al., v. Nevada Property 1 LLC, dba Cosmopolitan of Las Vegas,* Case No. 2:17-cv-02913-GMN-VCF (filed on November 20, 2017);

- *Chapman v. Penn National Gaming, Inc. et al.*, Case No. 2:17-cv-02924-GMN-PAL (filed on November 21, 2017);

- *Shapiro v. Treasure Island, LLC*, Case No. 2:17-cv-02930-APG-CWH (filed on November 22, 2017);

34215845v1

- *Inman v. Las Vegas Resort Holdings, LLC*, Case No. 2:17-cv-02950-JAD-NJK (filed on November 28, 2017);

- *Herrera v. American Casino & Entertainment Properties, LLC, et al.,* Case No. 2:18-cv-00218-JAD-PAL (filed on February 5, 2018);

- *Falcone v. Gaughan South, LLC.,* Case No. 2:18-cv-00234-GMN-GWF (filed on February 8, 2018);

- *Hernandez, et al., v. FP Holdings, LP, et al.,* Case No. 2:18-cv-00321-RFB-PAL (filed on February 21, 2018);

- *Mason, et al., v. HRHH Hotel/Casino, LLC,* Case No. 2:18-cv-0036-RFB-CWH (filed on February 28, 2018);

- *Hanson v. Plaza Hotel & Casino, LLC,* Case No. 2:18-cv-00378-APG-NJK (filed on March 1, 2018); and,

- *Webster, et al., v. GNLV Corp., et al.,* Case No. 2:18-cv-00576-KJD-PAL (filed on March 29, 2018).

## II. The Requested Stay and Deadline Extensions Will Conserve Resources for the Parties and the Court

To avoid duplicative legal briefing and to efficiently address the common issue of subject matter jurisdiction, the parties to the Resort Fee Lawsuits have entered into a separate agreement (the "Agreement"), attached hereto as Exhibit 1, to efficiently determine subject matter jurisdiction by filing a single motion to dismiss on the issue (the "Subject Matter Jurisdiction Motion") in the first-filed case, *i.e.*, *Cabral et al. v. Caesars Entertainment Corporation et al.*, Case No. 2:17-cv-02841-APG-VCF (the "Caesars Case"). Under the Agreement, the signatory parties presently before Judge Gordon have agreed to consolidate their respective cases for the sole and limited purpose of allowing Judge Gordon to determine the issue of subject matter

3

jurisdiction in one consolidated order. On February 22, 2018, Judge Gordon granted the parties' request and consolidated various Resort Fee Lawsuits before him.[1]

Additionally, the parties in the remaining cases, including Westgate, have collectively agreed to seek a stay of their respective cases pending a decision on the Subject Matter Jurisdiction Motion in the Caesars Case. While not binding on this Court, such a decision may nevertheless provide guidance, increase judicial efficiency, and decrease costs to both the Court and the parties. In fact, the parties have agreed to take certain actions in this litigation (as set forth more fully below) that are contingent on the outcome of the Subject Matter Jurisdiction Motion in the Caesars Case.

Thus, pursuant to the Agreement, Plaintiff and Westgate, by and through their undersigned counsel, stipulate that:

1. All matters in the instant case shall be stayed pending a determination of the Subject Matter Jurisdiction Motion in the Caesars Case.

2. If Judge Gordon finds the Court lacks subject matter jurisdiction and grants the Subject Matter Jurisdiction Motion, then either Plaintiff will voluntarily dismiss the instant case, or Plaintiff's counsel (who also is counsel in the Caesars Case) will appeal Judge Gordon's order. If Plaintiff's counsel decides to appeal, then Plaintiff will request a continuation of the stay in this case, pending a resolution of the appeal. If, after appeal, the applicable court determines that there is no federal jurisdiction, then Plaintiff will move the Court to voluntarily dismiss this case without prejudice.

3. If Judge Gordon finds he has subject matter jurisdiction and denies the Subject Matter Jurisdiction Motion, then Westgate will not re-file the Subject Matter Jurisdiction Motion in this case.[2]

---

[1] *See* Order Granting Stipulations (ECF No. 21), Case No. 2:17-cv-02841-APG-VCF.

34215845v1

4. Westgate's current deadline to respond to Plaintiff's' Complaint (ECF No. 1) is May 21, 2018. If Judge Gordon finds he has subject matter jurisdiction and denies the Subject Matter Jurisdiction Motion, then Westgate's deadline to respond to the complaint shall be extended to 30 days from the date that the court in the Caesars Case enters a final order on the Subject Matter Jurisdiction Motion.

These stipulations between Plaintiff and Westgate will permit the efficient determination of a common legal issue that exists in multiple, related lawsuits, and conserve judicial and party resources. Notably, a stipulation requesting similar relief was recently granted by the Court in the Related Lawsuit of *Bowes et al. v. Nevada Property I LLC*, case no. 2:17-cv-02913-GMN-VCF (ECF No. 22) and *Inman v. Las Vegas Resort Holdings, LLC*, case no. 2:17-cv-02950-JAD-NJK (ECF No. 17).

Pursuant to the Agreement, filing of the Subject Matter Jurisdiction Motion does not constitute a waiver of any defense or argument and shall not preclude Westgate from asserting any additional defenses or arguments at a later date, including, without limitation, any defenses or motions permitted by Federal Rule of Civil Procedure 12(b). These stipulations are made in good faith and not for purposes of delay.

Dated: April 19, 2018                                    Respectfully submitted,


Dated: April 19, 2018                                    Dated: April 19, 2018

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN                 GREENSPOON MARDER LLP


   */s/ Bradley Schrager*                                       /s/ Vincent J. Aiello
Don Springmeyer (NV Bar. 1021)                           Vincent J. Aiello, Esq.
Bradley Schrager (NV Bar 10217)                          Nevada Bar No. 007970
3556 E. Russell Road, 2nd Floor                          3993 Howard Hughes Pkwy., Suite 400
Las Vegas, NV 89120-2234                                 Las Vegas, Nevada 89169

---

[2] As noted above, the parties recognize that this Court is not bound by Judge Gordon's ruling. Nothing in this stipulation shall limit any party's ability to respond to subject matter jurisdiction issues raised by this Court.

R. Bryant McCulley (admitted *pro hac vice*)
McCULLEY McCLUER PLLC
1022 Carolina Blvd., Suite 300
Charleston, SC 29451

Joshua T. Ripley (admitted *pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

*Attorneys for Plaintiff*

Vincent.Aiello@gmlaw.com

*Attorneys for Defendants*
Westgate Resorts, Inc., a Florida corporation;
NAV-LVH, LLC, a Nevada limited liability
company dba Westgate Las Vegas Resort &
Casino

## ORDER TEMPORARILY STAYING CASE ON STIPULATION

In light of the parties' stipulation, and with good cause appearing, IT IS HEREBY ORDERED that the Stipulation [ECF No. 11] is GRANTED in part. **This case is STAYED** pending an order resolving the Subject Matter Jurisdiction Motion in the Caesars Case. Once that order has been entered, any party in this action may move to lift this stay and reset deadlines.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: April 23, 2018